UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE RAY FOSTER, #518631,

                    Petitioner,

                                        CASE NO. 06-CV-13844
v.                                      HONORABLE LAWRENCE P. ZATKOFF

LINDA METRISH,

                    Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

This is a habeas case under 28 U.S.C. § 2254.  Johnnie Ray Foster ("Petitioner") is a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan.  Petitioner entered a plea for Operating a Motor Vehicle Under the Influence, Third Offense ("OUIL 3rd") in the Lenawee County Circuit Court and was sentenced to three years and four months to five years imprisonment on January 7, 2005.  In his pleadings, Petitioner alleges a violation of Michigan's 180-Day Rule and the Interstate Agreement on Detainers Act.  For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner fails to indicate what steps, if any, he took to exhaust his present habeas claims in the state courts. Although his time for pursuing a direct appeal of his conviction may have passed, Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the trial court and pursue his claims through the state appellate courts as necessary.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for

writ of habeas corpus.  The Court makes no determination as to the merits or timeliness of Petitioner's claims.

**IT IS SO ORDERED**.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  October 2, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 2, 2006.


s/Marie E. Verlinde
Case Manager
(810) 984-3290